**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**WILLIAM H. PRAY,**

   **Petitioner,**

**vs.**

                                   **CASE NO. 1:04cv381-MP/WCS**

**JAMES CROSBY,**

   **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This is a petition for writ of habeas corpus filed by William H. Pray pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for robbery with a deadly weapon, aggravated battery with a deadly weapon, and petit theft in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, case number 2000-03127-CFA.  Respondent filed an answer, doc. 15, and the state record, doc. 17.  Petitioner filed a traverse.  Doc. 18.  Respondent concedes that this petition was timely filed.  Doc. 15, p. 8.

Petitioner also filed a motion for summary judgment.  Doc. 16.  The motion was recently considered to be a motion to expedite and denied.  Doc. 24.  At the time the motion was denied, it was not realized that this case was next on the list of § 2254 cases before me for a report and recommendation.

**Procedural History**

Petitioner entered a nolo contendere plea to the charges.  Doc. 17, Exhibit A, R. 19, 24.  Pursuant to his plea agreement, he was sentenced to 110.8 months on the convictions for robbery with a deadly weapon and aggravated battery with a deadly weapon, and 83 days on the petit theft conviction; he received credit on all sentences for 83 days of pretrial detention time served and the sentences were to run concurrently. *Id.*, R. 21, 26-29.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts."  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an

innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115

L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-

71, 113 L.Ed.2d 517 (1991).

　　　For claims which were properly exhausted and adjudicated in state court, this

court's review is limited.  A petitioner is entitled to federal habeas relief only if the state

court's adjudication of the merits of the federal claim "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States."  § 2254(d)(1).

　　　The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have

independent meanings.  Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495,

1519-1520, 146  L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843,

1850, 152 L.Ed.2d 914 (2002) (citing Williams).   "[C]learly established Federal law, as

determined by the Supreme Court of the United States," refers only to holdings of the

Supreme Court, but decisions of lower federal courts may be considered to the extent

that they demonstrate how those courts applied Supreme Court  precedent.  Hawkins v.

Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if
> the state court arrives at a conclusion opposite to that reached by [the
> Supreme] Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may
> grant the writ if the state court identifies the correct governing legal
> principle from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850.  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.  In the context of a guilty plea, the first part of the Strickland test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Jackson v.

United States, 976 F.2d 679, 681 (11th Cir. 1992), citing United States v. Fairchild, 803

F.2d 1121, 1123 (11th Cir. 1986).

Although Strickland explained the performance and prejudice prongs of analysis,

"there is no reason . . . to approach the inquiry in the same order or even to address

both components of the inquiry if the defendant makes an insufficient showing on one."

466 U.S. at 697, 104 S.Ct. at 2069.  "If it is easier to dispose of an ineffectiveness claim

on the ground of lack of sufficient prejudice, which we expect will often be so, that

course should be followed."  *Id.*

If the state court identifies and applies the framework of Strickland in assessing

an ineffective assistance claim, its adjudication does not satisfy the "contrary to"

language of § 2254(d)(1) even if this court might have applied Strickland differently.

Williams, 529 U.S. at 406, 120 S.Ct. at 1520; Bell, 535 U.S. at 698, 122 S.Ct. at 1852.

To determine whether the state court's adjudication was an "unreasonable application"

of Strickland, Petitioner "must do more than show that he would have satisfied

*Strickland's* test if his claim were being analyzed in the first instance . . . .  Rather, he

must show that the [state court] applied *Strickland* to the facts of his case in an

objectively unreasonable manner."  Bell, 535 U.S. at 698-699, 122 S.Ct. at 1852 (*citing*

Williams).  "[T]he most important point is that an *unreasonable* application of federal law

is different from an *incorrect* application of federal law."  Williams v. Taylor, 529 U.S. at

410, 120 S.Ct. at 1522.

**Ground One**

Petitioner contends in Ground One that he was subjected to double jeopardy by his convictions for armed robbery, count I of the information, and petit theft, count III. Respondent concedes exhaustion of state court remedies as to this claim.

Respondent argues that this court lacks "in custody" subject matter jurisdiction of this claim because the sentence for the petit theft conviction, 83 days credit for time spent in pretrial detention, has been fully served. Respondent correctly notes that the only remedy for a double jeopardy violation involving two Florida convictions is to vacate the lesser sentence, not the greater sentence. Williams v. Singletary, 78 F.3d 1510, 1517 (11th Cir.), *cert. denied*, 519 U.S. 887 (1996) (citing Florida cases).

A district court's jurisdiction to grant a writ of habeas corpus is limited by 28 U.S.C. § 2254:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under *the conviction or sentence under attack* at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (emphasis in the first sentence by the Court, emphasis added to second sentence).

Maleng further stated: "We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully*

*expired* at the time his petition is filed."  490 U.S. at 491, 109 S.Ct. at 1925 (emphasis by the Court).

The court's research has found only one case that considered this issue in the context of a double jeopardy claim like the case at bar.  The case supports Respondent's defense.  In <u>United States v. Hernandez</u>, 94 F.3d 606 (10th Cir. 1996), the defendant had been convicted of a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 and of the lesser included offense of conspiracy in violation of 21 U.S.C. § 841.  94 F.3d at 608.  The defendant challenged the convictions on double jeopardy grounds by means of a § 2255 motion.  The district court had imposed no sentence upon the § 846 conspiracy except a $50 special monetary assessment, but it did not vacate the conviction itself.  *Id.*, at 612.  The Tenth Circuit noted that since the § 846 conspiracy charge was a lesser included offense of the CCE charge, the defendant was entitled to have the conspiracy charge vacated by the trial court at sentencing, citing <u>United States v. Stallings</u>, 810 F.2d 973, 975-976 (10th Cir. 1987).

The Tenth Circuit pointed out, however, that <u>Stallings</u> was decided on direct appeal.  *Id.*, at 612.  The court distinguished between jurisdiction to consider a direct appeal and jurisdiction to consider a § 2255 motion; only in the latter case is there a requirement that the defendant be "in custody" on the sentence under attack.[1]  *Id.*, at 613.  The court concluded:

---

[1] "Our jurisdiction here is invoked under 28 U.S.C. § 2255, which in relevant part permits '[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence.' "  *Id.*, at 612-613.

> Because Mr. Hernandez received no sentence (other than the fifty-dollar
> assessment) for his [§ 846] conspiracy conviction, he was not in custody
> under a sentence for *that* conviction, and therefore the district court lacked
> jurisdiction under § 2255.

*Id.*, at 613 (emphasis added).

The same is true in the case at bar.  Petitioner would be "in custody" on the petit theft conviction if the sentence on the robbery conviction had been delayed by service of the petit theft sentence.  Fox v. Kelso, 911 F.2d 563, 567-68 (11th Cir. 1990) (service of sentence delayed).   But here, the sentences on the petit theft and robbery convictions were concurrent and Petitioner received identical jail credit on both sentences.  Therefore, it cannot be said that Petitioner's sentence on the robbery conviction has been extended or delayed by service of the sentence on the petit theft conviction.  Petitioner cannot be said to be "in custody in violation of the Constitution or laws or treaties of the United States" on the armed robbery conviction because it cannot be said that the robbery conviction is "under attack;" the remedy would be to cause the vacation of the petit theft conviction, not the robbery conviction.  Petitioner is not unlawfully in custody on the petit theft conviction because that sentence has been fully served.  Following the reasoning of United States v. Hernandez, it is recommended that this Court find that it lacks subject matter jurisdiction of his double jeopardy claim.

This result does not deprive a person such as Petitioner of all federal constitutional relief.  Petitioner had a remedy under both Florida and federal law, a remedy that did not depend upon his custody status.  He could have moved to dismiss the petit theft charge on double jeopardy grounds prior to entering a plea.  Failing that,

Petitioner could have tried to reserve the right to appeal that issue as he entered his

nolo contendere plea.[2]  If the issue had been decided adversely in his state appeal,

federal review could have been sought by writ of certiorari to the United States Supreme

Court.

Further, this result is not likely to deprive a person of relief in this court where the

claim concerns a more significant deprivation of liberty.  In a case where a person has

received a more significant prison sentence as the lesser sentence, it would much more

likely that he would still be "in custody" when he files his § 2254 petition in federal court,

and thus the court would have subject matter jurisdiction to reach the merits of his

double jeopardy claim.

While Williams v. Singletary reached the merits of the double jeopardy claim on

materially similar facts, it appears in that case that service of the longer sentence had in

fact been delayed by service of the shorter sentence.  The court wrote:

> The only harm Williams has suffered is entry of the assault conviction and
> use of his time served as the sentence for that conviction.  His assault
> conviction and sentence should be vacated by the state courts, *and the
> time served that was counted as his assault sentence should instead be
> credited against one or both of his two remaining sentences.*

---

[2] Alternatively, he could have gone to trial to preserve the issue.  It is doubtful
that he would have chosen this alternative since the sentence on the petit theft charge
was of no consequence and the plea agreement gave him a sentence on the other two
charges of 110.8 months.  The robbery charged carried a sentence up to life
imprisonment.

78 F.3d at 1517 (emphasis added).  Thus, since the longer sentence had been delayed by the shorter, it would appear that subject matter jurisdiction existed in <u>Williams v. Singletary</u>,[3] in contrast to the case at bar.

Still, the issue is open to reasonable debate.  A double jeopardy claim necessarily involves the constitutional validity of two convictions, not one.  When he filed this petition, Petitioner was in custody under one of the two convictions at issue, robbery with a deadly weapon.  If Petitioner is correct that the imposition of the two convictions violates the Double Jeopardy Clause, then it could be argued that he is currently serving a constitutionally invalid sentence for the robbery as long as the petit theft conviction remains in effect.  Stated that way, the challenge is to the sentence currently being served.

Further, it may be that the analysis above improperly conflates the issue of "in custody" subject matter jurisdiction and mootness.  The existence of continuing harm and remedy is related to mootness.  As will be discussed ahead, there is a difference.  Also, the remedy here is not necessarily limited to the petit theft conviction.  In habeas cases the remedy is usually left up to the courts of the State of Florida.  Federal courts typically do not vacate state convictions and sentences.  Instead, federal courts grant the writ of habeas corpus, ordering the release of the prisoner if the constitutional

---

[3] The "in custody" requirement for a habeas petition is necessary for the subject matter jurisdiction of the court.  <u>Unger v. Moore</u>, 258 F.3d 1260, 1263 (11th Cir. 2001).  Subject matter jurisdiction must be considered by the court *sua sponte.*  <u>Univ. of South Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir.1999).  *E.g.,* <u>Jamerson v. Secretary for Dept. of Corrections</u>, 410 F.3d 682, 688 (11th Cir. 2005).

infirmity is not cured.  As <u>Williams v. Singletary</u> noted, the State of Florida would set

aside the lesser conviction and sentence.  78 F.3d at 1517.  That would suffice here, for

then the conviction and sentence for robbery with a deadly weapon would no longer

violate the Double Jeopardy Clause.  Thus, there is at a reasonably debatable argument

that this Court has subject matter jurisdiction because Petitioner is "in custody" on one

of the two intertwined convictions that may be constitutionally invalid due to double

jeopardy.

*If* the Court has subject matter jurisdiction, the question of mootness next arises.

The issue of the jurisdiction of the court under the habeas statute is different from and

precedes the issue of mootness, although mootness is an issue of constitutional

dimension.  <u>Van Zant v. Florida Parole Com'n</u>, 104 F.3d 325, 327 n. 2 (11th Cir. 1997).

Petitioner's claim has not been mooted by the fact that he has served the 83 day

sentence for his conviction for petit theft:

> Completion of a criminal sentence does not render a petition for habeas
> relief moot, because the ongoing collateral consequences of a wrongful
> conviction, such as the possible enhancement of a later criminal sentence
> on the basis of the earlier wrongful conviction, satisfy the
> case-or-controversy jurisdictional requirement of Article III of the
> Constitution.

<u>Jamerson v. Secretary for Dept. of Corrections</u>, 410 F.3d at 688.  *Cf.* <u>Ball v. United

States</u>, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985):

> The second conviction, whose concomitant sentence is served
> concurrently, does not evaporate simply because of the concurrence of
> the sentence.  The separate *conviction*, apart from the concurrent
> sentence, has potential adverse collateral consequences that may not be
> ignored.

470 U.S. at 865-866, 105 S.Ct. at 1673 (emphasis by the Court).  Petitioner suffers a continuing harm if his conviction for petit theft remains upon his criminal record and that is sufficient to preclude mootness of the claim.

All of this is discussed in detail because the defense raised by Respondent is complicated and debatable.  The better result consistent with precedent, I believe, is that determined by the Tenth Circuit in United States v. Hernandez, that the court does not have subject matter jurisdiction of this claim.  However, since there is a reasonably debatable argument to the contrary, this report and recommendation discusses the merits of Petitioner's claim.

Respondent argues that Petitioner waived his double jeopardy claim by pleading nolo contendere.  Respondent cites United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).  In that case, federal defendants sought to collaterally attack their convictions after guilty pleas based upon a double jeopardy claim.  The claim was raised by a motion pursuant to Fed.R.Crim.P. 35(a).  The Court found that the guilty pleas foreclosed the collateral attack.  The Court reasoned:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.  There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

488 U.S. at 569, 109 S.Ct. at 762.

Defendants in Broce argued that their guilty pleas did not waive their double

jeopardy claim, and they submitted evidence that their attorney did not discuss the

possibility of raising such a claim before they entered their pleas.  488 U.S. at 572-573,

109 S.Ct. at 764.  The Court rejected this argument, noting that "[o]ur decisions have

not suggested that conscious waiver is necessary with respect to each potential

defense relinquished by a plea of guilty."  Id., 488 U.S. at 573, 109 S.Ct. at 764.  The

Court also held that "[r]elinquishment [of the double jeopardy defense] derives not from

any inquiry into a defendant's subjective understanding of the range of potential

defenses, but from the admissions necessarily made upon entry of a voluntary plea of

guilty."  Id., 488 U.S. at 573-574, 109 S.Ct. at 764.

Broce discussed an exception noted in Menna v. New York, 423 U.S. 61, 96

S.Ct. 241, 46 L.Ed.2d 195 (1975).[4]  There, the defendant had refused to obey an order

to testify before the grand jury, was held in contempt, and served a term in civil jail.  488

U.S. at 574, 109 S.Ct. at 765.  He was then indicted for the same conduct, sentenced,

and appealed on double jeopardy grounds.  The Court held that despite the guilty plea,

the double jeopardy claim was not waived where, on its face, the charge "is one the

State may not constitutionally prosecute."  Id., quoting 423 U.S. at 63, n. 2, 96 S.Ct. at

242, n. 2.  The Broce Court noted that the double jeopardy claims in both Menna and

---

[4] The Court also discussed the exception of Blackledge v. Perry, 417 U.S. 21, 94
S.Ct. 2098, 40 L.Ed.2d 628 (1974), where the second prosecution was possibly barred
by prosecutorial vindictiveness.  488 U.S. at 574, 109 S.Ct. at 765.  That exception has
no application in this case.

Blackledge were "resolved without any need to venture beyond the record."  *Id.*  The

Court further said that

> [i]n Menna, the indictment was *facially* duplicative of the earlier offense of
> which the defendant had been convicted and sentenced so that the
> admissions made by Menna's guilty plea could not conceivably be
> construed to extend beyond a redundant confession to the earlier offense.

488 U.S. at 575-576, 109 S.Ct. at 765-766 (emphasis added).

After Broce was decided, the Eleventh Circuit decided two cases, Dermota v.

United States, 895 F.2d 1324 (11th Cir. 1990), *cert. denied*, 498 U.S. 837 (1990) and

United States v. Kaiser, 893 F.2d 1300 (11th Cir. 1990).  These cases illustrate the rule

and the exception.

Dermota was a § 2255 motion alleging that two convictions, for both

transportation and possession of grenades, had subjected him to double jeopardy.  The

court found that "Dermota pleaded guilty to two counts of an indictment that, on its face,

*described separate* offenses."  895 F.2d at 1326 (emphasis added).  The court also

noted that the prosecution "was unquestionably entitled to prosecute simultaneously for

both the transportation and possession violations."  *Id.*  The court concluded that the

double jeopardy claim had been waived by the guilty plea.  *Id.*

In contrast, in Kaiser, the defendant argued on appeal that despite his guilty plea,

he was subjected to double jeopardy by convictions for income tax evasion and signing

a false income tax return.[5]  The convictions both depended upon a false allegation as to

the amount of income.  The court distinguished Broce as a case where two facially

---

[5] Two tax years were involved and hence four convictions.

separate and distinct conspiracies had been alleged, and the double jeopardy claim

depended upon "factual evidence outside the guilty plea record."  893 F.2d at 1303.

Kaiser then said:

> In this case, whether the false return counts described in the indictment
> against Kaiser were lesser included offenses of the tax evasion counts
> can be determined *from the face of the indictment*.  The court could not
> impose cumulative punishments for a greater and a lesser-included
> offense; to do so would violate double jeopardy protections.  Therefore,
> under *Broce*, Kaiser's guilty plea did not waive his double jeopardy
> claim . . . .

*Id*. (emphasis added).  *See also* United States v. Benefield, 874 F.2d 1503, 1506 n. 4

(11th Cir. 1989) (finding that Broce restricted post-conviction collateral review of a

double jeopardy claim after a guilty plea to the face of the indictment).

Here, too, the double jeopardy claim arises from the face of the charging

document.  Count I of the information alleged that Petitioner:

> in Alachua County, Florida, on or about September 06, 2000, did take
> CASH AND/OR A TV SET valued at LESS THAN $300 from the person or
> custody of WAL-MART, with intent to either permanently or temporarily
> deprive that that person or the owner of the said property, and in the
> course of the taking did use force, violence, assault, or putting in fear, and
> did carry, display, use, threaten, attempt to use, or possess A
> BOXCUTTER, contrary to Section 812.13(2)(a), Florida Statutes.

Doc. 17, Exhibit A, R. 5.  Count III of the information alleged that Petitioner

> in Alachua County, Florida, on or about September 06, 2000, did
> unlawfully and knowingly obtain or use, or endeavor to obtain or use, the
> property of WAL-MART, to-wit:  CASH AND/OR A TV SET valued at
> LESS THAN $300, with the intent to deprive WAL-MART of a right to the
> property or a benefit therefrom, or to appropriate the property to HIS own
> use or to the use of any person not entitled thereto, contrary to Section
> 812.014, Florida Statutes.

*Id*.

Thus, on the face of this information, Petitioner was accused of a robbery and a theft involving the same property on the same date and at the same place owned by the same owner. This is plain on the face of the information. Accordingly, following Kaiser, Petitioner's nolo contendere plea does not preclude a collateral attack upon the petit theft conviction as a violation of the Double Jeopardy Clause. Thus, if this court has subject matter jurisdiction, it should find that the state court's procedural ruling that Petitioner's plea precluded collateral attack upon the two convictions has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The next step is to address the merits of the double jeopardy claim. The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct 2072, 2076, 23 L.Ed.2d 656 (1969). If multiple offenses arising from a single criminal episode are different offenses under state law, even though the same crime, then multiple punishments does not violate double jeopardy. Id. Here, as in the Williams case, 78 F.3d at 1512, it is only the third protection at issue.

FLA. STAT. § 812.13(1) and (2)(a) provide:

(1) "Robbery" means *the taking of money or other property which may be the subject of larceny* from the person or custody of another, *with intent to either permanently or temporarily deprive the person or the owner of the money or other property,* when in the course of the taking there is the use of force, violence, assault, or putting in fear.

(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

(Emphasis added.)  FLA. STAT. § 812.014 provides:

(1) A person commits theft if he or she knowingly *obtains* or uses, or endeavors to obtain or to use, *the property of another with intent to, either temporarily or permanently*:

(a) *Deprive the other person of a right to the property or a benefit from the property.*

(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Thus, the same conduct at issue is the theft of cash or a television set worth less than $300.

"Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense."  *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). The Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends to prescribe cumulative punishments.

Williams, 78 F.3d at 1512.  "Absent a clear indication of contrary legislative intent, we apply the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether a single criminal incident may be cumulatively punished under separate statutory provisions."  *Id.*, at 1513.

There is no need to use the *Blockburger* test since the relevant Florida law has been authoritatively construed by the Florida Supreme Court.  Respondent concedes that in Florida, conviction for both robbery and for the theft arising from a single criminal

act would not be permitted.  Cited for this is <u>Hayes v. State</u>, 803 So. 2d 695 (Fla. 2001).

A case more on point is <u>Sirmons v. State</u>, 634 So. 2d 153, 154 (Fla.1994), which held

that there could not be conviction for robbery and grand theft of an automobile where

both criminal offenses involving taking the same automobile at knife point.

Thus, if this court has subject matter jurisdiction, it should find that Petitioner's

conviction for petit theft subjected him to double jeopardy.  The remedy would be to

grant the writ with instructions that would cause the petit theft conviction to be vacated.

As discussed above, however, it is my recommendation that the Court find that it lacks

subject matter jurisdiction and not reach the merits of this claim.

**Ground Two**

Petitioner contends that his trial counsel was ineffective for failing to argue the

double jeopardy claim discussed above.  Respondent concedes that Petitioner raised

this claim in his first Rule 3.850 motion in the trial court, and this is true.  Doc. 15, p. 18,

citing Doc. 17, Exhibit I, R. 19-20 (ground 4(b)).  On October 2, 2002, the trial court

rejected this claim, finding no attorney error because Petitioner waived his double

jeopardy claim by pleading nolo contendere.[6]  Doc. 17, Exhibit I, R. 30.

---

[6] The trial court did not mention <u>Strickland v. Washington</u> or discuss attorney error, but it began the order with a clear statement of Petitioner's ineffective assistance of counsel claim.  The court said that it had before it "two grounds in support of his *claim of ineffective assistance of counsel.*"  Doc. 17, Exhibit I, R. 29 (emphasis added).  It said that the second ground was the double jeopardy claim.  *Id.*  The court then began its analysis of the double jeopardy ineffective assistance of counsel claim by stating: "Defendant's allegation that is he entitled to relief *because his attorney failed to advise him of a double jeopardy issue* must be denied."  *Id.*, R. 30 (emphasis added).  The court concluded that the underlying double jeopardy claimed had been waived, citing <u>Melvin v. State</u>, 645 So. 2d 448 (Fla. 1994).

Respondent argues that Petitioner failed to appeal the denial of this claim. This is also true.  Petitioner appealed the denial of his Rule 3.850.  Doc. 17, Exhibit J, brief on appeal.  He raised the double jeopardy claim as such, but he did not appeal the denial of his ineffective assistance of counsel claim.  *Id.*, pp. ii, 2-3.

On August 8, 2003, Petitioner filed a second Rule 3.850 motion.  Doc. 17, Exhibit R, R. 1-29.  In that motion, Petitioner argued, *inter alia*, that the trial court had failed to rule upon his ineffective assistance of counsel claim regarding the underlying double jeopardy claim, ground 4(b) in the first Rule 3.850 motion.  *Id.*, R. 18.  On April 16, 2004, the trial court denied this claim, finding that in fact it had ruled upon the ineffective assistance of counsel claim when it ruled on the double jeopardy claim that counsel was faulted for not arguing.  *Id.*, R. 43.  This order was affirmed *per curiam*.  *Id.*, Exhibit U.

The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)[7] (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing

---

[7] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the

state collateral review process as well as the direct appeal process"); Pruitt v. Jones,

348 F.3d 1355, 1359 (11th Cir. 2003); White v. Godinez, 192 F.3d 607 (7th Cir.1998),

*cert denied*, 120 S.Ct. 1004 (2000) (finding no "appreciable difference between direct

appeals and post-conviction appeals in this regard," holding Boerckel requires appeal

following collateral review).

Contrary to Petitioner's argument in this Court, the trial court plainly ruled upon

the merits of his ineffective assistance of counsel claim when it ruled upon his first Rule

3.850 motion.  See note 6 above.  To exhaust that claim, Petitioner had to appeal that

denial.  Petitioner did not.

The ineffective assistance of counsel claim is therefore procedurally defaulted

and review in this Court is barred absent a showing of cause and prejudice or that

failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman

v. Thompson, 501 U.S. at 750, 111 S.Ct. at 2565.  Petitioner has not demonstrated

cause or prejudice.  Unless Petitioner can show that the issues were "intrinsically

beyond a pro se petitioner's ability to present," lack of education generally or lack of

legal training does not constitute cause for procedural default for failure to pursue state

court remedies.  McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.), *cert. denied*, 112

S.Ct. 2283 (1992); Harmon v. Barton, 894 F.2d 1268, at 1275 (11th Cir. 1990);

Alexander v. Dugger, 841 F.2d 371, 374 n. 3 (11th Cir. 1988) (concluding that the cause

and prejudice standard applies to a pro se litigant); Whiddon v. Dugger, 894 F.2d 1266

(11th Cir. 1990) (the petitioner's non-lawyer status, and the alleged poor legal advice by inmate law clerks, was found insufficient to establish cause for the procedural default).

The miscarriage of justice exception does not apply.  Coleman, 501 U.S. at 748, 111 S.Ct. at 2564 (the exception applies only where a constitutional violation has probably resulted in conviction of an innocent person, citations omitted).  Petitioner is not innocent of the petit theft conviction.  This Court may not reach the merits of Petitioner's ineffective assistance of counsel claim.

**Ground Three**

Petitioner contends his attorney was ineffective with regard to the sufficiency of the evidence to prove the armed robbery.  He contends a robbery did not occur.  Doc. 1, p. 13.  He argues that at most he committed a theft by fraudulent means.[8]  Id., p. 14.  He asserts that had he been properly advised, he would not have entered the nolo contendere plea.  Id., p. 16.  Respondent states that Petitioner exhausted his state court remedies as to Ground Three.  Doc. 14, p. 23.

The trial court characterized the claim raised in Petitioner's first Rule 3.850 motion as a claim of ineffective assistance of counsel in that "the facts as alleged in his motion as recited by the State Attorney at the time of his plea are not sufficient factual basis to establish the crime of robbery with a deadly weapon, and that his attorney was ineffective in failing to so advise him."  Doc. 17, Exhibit I, R. 29.  The court then found:

---

[8] Most of the argument focuses upon the double jeopardy claim, and the statements set forth above are all of the allegations in support of this third ground.

In essence, the facts proffered by the State and reflected in the record establish that the Defendant illegally obtained possession of less than $300.00 in cash ($211.88) from a cashier at Walmart; that his illegal activity was observed by a Walmart theft prevention employee who stopped the Defendant before he could exit the store, that Defendant, while resisting detainment by the employee, cut him several times with a box cutter; and that the taking of the money with Defendant's violent actions against the employee constituted "a continuous series of acts or events." FLA. STAT. § 812.13(3)(b)(2000).  See <u>Rumph v. State</u>, 544 So.2d 1150 (Fla. 5th DCA 1989); <u>Fonseca v. State</u>, 547 So.2d 1032 (Fla. 3rd DCA 1989).  These facts establish an adequate factual basis.

*Id.*

The trial court's finding as to the factual basis proffered to support the plea is accurate.  Doc. 17, trial transcript pages 35-36.  This factual proffer is consistent with the statement of evidence in the probable cause affidavit:

On 09-06-00 the above named defendant purchased a television in Walmart for $211.88.  He then took the item out to a vehicle, then returned without it. Defendant then walked back to electronics, retrieved another television, then took the T.V. and his receipt, and received a refund. His actions were observed by Store Loss Prevention Officer Mills, who stopped the defendant at the entrance lobby.  The defendant verbally resisted, and when Mills grabbed the defendant's arm, the defendant began to fight Mills.  During the altercation, Defendant struck Mills with his fists, and at one point produced a razor blade box knife, with which he began to cut the flesh of Mills.  Mills suffered a laceration to his left cheek, a laceration on his neck over his carotid artery [sic], and a large open gash to a large portion of his upper right arm.  The defendant was finally subdued by several store employees.

Doc. 17, Exhibit A, R. 1-2.

It appears that Petitioner believes that he could not be convicted of robbery because he had taken the money before he used the box cutter to protect his stolen property.  As noted above, a robbery occurs when property is taken from another person and "when *in the course of the taking* there is the use of force, violence, assault,

or putting in fear." FLA. STAT. § 812.13(1).  Robbery becomes aggravated and

punishable by life imprisonment when "*in the course* of committing the robbery the

offender carried a firearm or other deadly weapon."  FLA. STAT. § 812.13(2) (emphasis

added).  Subsection (3) of the statute provides:

> (3)(a) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
>
> (b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.

FLA. STAT. § 812.13(3).

"[S]ection 812.13, Florida Statutes incorporates the modern view that a robbery

can be proven by evidence of force used to elude the victim or to retain the victim's

property once it has been taken."  Messina v. State, 728 So.2d 818, 818 (Fla. 1st DCA

1999).

> Based on the language of section 812.13, the Florida courts have held that the crime of robbery can be proven by evidence that the defendant used force against the victim after the taking has been completed. See, *e.g.*, *Lemus v. State*, 641 So.2d 177 (Fla. 5th DCA 1994) (force used to resist a security guard was sufficient to support a conviction for robbery, even though the defendant used no force to take the items from the store); *Santilli v. State*, 570 So.2d 400 (Fla. 5th DCA 1990) (force used during the defendant's attempted flight from the scene of a shoplifting was sufficient to elevate the shoplifting to a robbery); *Rumph v. State*, 544 So.2d 1150 (Fla. 5th DCA 1989) (force used to shove a store clerk out of the way was sufficient to sustain a conviction for robbery).  The common feature of these cases is that in each case there was no break in the chain of events between the taking and the use of force.

*Id.*, at 819.

There was no break in the chain of events here.  Petitioner's use of the box cutter to try to abscond with the stolen cash while he was still on the property of the owner was sufficient evidence of robbery with a deadly weapon under Florida law.  Ineffective assistance of counsel has not been shown.  Thus, the state court's adjudication of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

**Conclusion**

The Court lacks subject matter jurisdiction to consider the merits of Ground One, the double jeopardy claim.  The court should not reach the merits of Ground Two because Petitioner procedurally defaulted this ineffectiveness assistance of counsel claim and he has not shown cause for the default.  Ground Three is without merit.

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by William H. Pray pursuant to 28 U.S.C. § 2254 challenging his conviction for robbery with a deadly weapon, aggravated battery with a deadly weapon, and petit theft in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, case number 2000-03127-CFA, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 7 , 2005.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 1:04cv381-MP/WCS