IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM H. PRAY,

    Petitioner,

v.                                          CASE NO. 1:04-cv-00381-MP-WCS

JAMES V. CROSBY, JR,

    Respondent.

_____/

## **O R D E R**

        This matter is before the Court on Doc. 26, Report and Recommendations of the Magistrate Judge, recommending that William Pray's Petition for Writ for Habeas Corpus, Doc. 1, be denied with prejudice. The Magistrate Judge filed the Report and Recommendation on Wednesday, December 7, 2005. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Petitioner has filed objections to the Magistrate's report, Doc.27. Petitioner later supplemented his objections with additional exhibits, Doc. 28, which the Court will now consider. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

        In his objections, Petitioner argues that the court does not lack subject matter jurisdiction to entertain his double jeopardy claim. Specifically, Petitioner argues that he is "in custody", as required for subject matter jurisdiction in a 28 U.S.C. § 2254 challenge, because the conviction for robbery with a deadly weapon is "legally insufficient." Doc. 27 at 4. Furthermore, Petitioner argues, "[b]ecause the robbery conviction is the conviction under attack . . ., by challenging the double jeopardy violation the petitioner also challenges the validity of the overall conviction and

the constitutional violations involved." Doc. 27 at 5. Petitioner then states a willingness to "concede" to the petit theft conviction, but reasserts his position that the robbery conviction must be vacated because it creates a double jeopardy violation. Doc. 27 at 6.

As the Magistrate correctly pointed out, however, the only remedy available for a double jeopardy violation involving two state court convictions is to vacate the lesser sentence, not the greater one. Williams v. Singletary, 78 F.3d 1510, 1517 (11th Cir.), cert. denied, 519 U.S. 887 (1996) (citing Florida cases). Thus, in order to challenge his alleged double jeopardy violation, Petitioner would need to challenge his petit theft conviction, rather than his robbery conviction.

The court, however, lacks "in custody" subject matter jurisdiction over the petit theft conviction. Doc. 26 at 18. As mentioned above, a district court's jurisdiction to grant a writ of habeas corpus is limited: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution . . . ." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has interpreted this statutory language to require, "that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). In Maleng, the Supreme Court held that "a habeas petitioner [is not] "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time the petition is filed." 490 U.S. at 491. Moreover, the Court announced, a habeas petitioner does not remain in custody after a sentence has fully expired merely because the prior conviction will be used to enhance a sentence imposed for subsequent crimes for which petitioner may be convicted. Id. at 492.

In the instant case, Petitioner's sentence for the petit theft conviction was 83 days; this sentence was calculated by crediting Petitioner for his time spent in pretrial detention. Petitioner's sentences on the petit theft and robbery convictions were concurrent and he received identical jail credit on both sentences. Thus, Petitioner's sentence for the petit theft conviction is fully expired. While it is conceivable that the petit theft conviction may be used to enhance a sentence imposed for a subsequent crime, Maleng indicates that this possibility is insufficient to create "in custody" subject matter jurisdiction. Therefore, this court is without subject matter jurisdiction to reach the merits of Petitioner's double jeopardy claim.

The Magistrate also correctly pointed out that Petitioner had a remedy that did not depend upon his custody status. Mr. Pray could have moved to dismiss the petit theft charge on double jeopardy grounds prior to entering a plea, or he could have tried to reserve the right to appeal that issue as he entered his nolo contendere plea. If the issue had been decided adversely in his state appeal, federal review could have been sought by writ of certiorari to the United States Supreme Court. Petitioner failed to take any of these steps.

Petitioner also claims that he should not be subjected to procedural default for his ineffective assistance of counsel claim. Doc. 27 at 6. However, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275(1971); Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard). If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, or

demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).

Petitioner points out, "[b]y the governing rule of law in state courts a defendant is required as a matter of law to return to the trial court whenever it incorrectly denies a postconviction motion that goes against a procedural rule."  Doc. 27 at 8.  Petitioner further contends that he cannot be found to have committed a procedural default of federal rules by following state procedural rules.  Id.  Petitioner is correct in his statement of the law.  However, Petitioner is mistaken in his conclusion that the trial court did not rule on his first Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence in the trial court.  Accordingly, Petitioner should not have filed a second Rule 3.850 motion as the claim had already been ruled upon.

Although the trial court did not mention Strickland v. Washington or discuss attorney error in its ruling on Petitioner's first 3.850 motion, it did begin the order with a clear statement of Petitioner's ineffective assistance of counsel claim.  The court stated that it had before it "two grounds in support of [Petitioner's] *claim of ineffective assistance of counsel*."  Doc. 17-6 at 5 (emphasis added).  It said that the second ground was the double jeopardy claim.  Id.  The court then began its analysis of the double jeopardy ineffective assistance of counsel claim by stating: "Defendant's allegation that he is entitled to relief because *his attorney failed to advise him of a double jeopardy issue* must be denied."  Id. at 6 (emphasis added).  The court then concluded that the underlying double jeopardy claim had been waived based on Melvin v. State, 645 So. 2d 448 (Fla. 1994) (holding defendant who knowingly entered into plea agreement covering both reduced charges and sentences thereby waived otherwise viable double jeopardy claims). That is,

because the plea colloquy indicated that Petitioner voluntarily entered into the plea bargain and was aware of the length and nature of each of the sentences to which he agreed, he had waived any potential double jeopardy claim. 645 So. 2d at 449. Furthermore, Petitioner has failed to demonstrate cause for the default and actual prejudice, or that a constitutional violation has resulted in the conviction of an innocent person. Accordingly, the Petitioner's second ground for objection is invalid.

Finally, Petitioner also claims in his objections that he suffered from ineffective assistance of counsel because his attorney failed to "perform an independent investigation and to advise the Petitioner on the best possible strategic use for the evidence accumulated." Doc. 27 at 10. Petitioner further asserts that he did not commit a robbery and that if he had been properly advised, he would not have entered the *nolo contendere* plea. Id. This objection does not depend on Petitioner's "in custody" status, as Respondent concedes that Petitioner exhausted his state court remedies on this matter. Doc. 14 at 23.

The trial court characterized the claim raised in Petitioner's first Rule 3.850 motion as a claim of ineffective assistance of counsel. Petitioner believes the facts proffered to support the plea do not establish the crime of robbery with a deadly weapon, and that his attorney was ineffective in failing to so advise him. Nonetheless, the trial court found that the facts proffered by the State and reflected in the record establish that (1) the Petitioner illegally obtained $211.88 from a cashier; (2) that a theft prevention employee stopped the Petitioner before he could exit the store, and (3) that the Petitioner, while resisting detainment by the employee, cut him with a box cutter. Doc. 17-6 at 3-4. This factual proffer is consistent with the statement of evidence in the probable cause affidavit:

> On 09-06-00 the above named defendant purchased a television in
> Walmart for $211.88. He then took the item out to a vehicle, then returned
> without it. Defendant then walked back to electronics, retrieved another
> television, then took the T.V. and his receipt, and received a refund. His
> actions were observed by Store Loss Prevention Officer Mills, who
> stopped the defendant at the entrance lobby. The defendant verbally
> resisted, and when Mills grabbed the defendant's arm, the defendant
> began to fight Mills. During the altercation, Defendant struck Mills with his
> fists, and at one point produced a razor blade box knife, with which he
> began to cut the flesh of Mills. Mills suffered a laceration to his left cheek,
> a laceration on his neck over his carotid arterey [sic], and a large open
> gash to a large portion of his upper right arm. The defendant was finally
> subdued by several store employees.

Doc. 17-2 at 15-16. Petitioner seems to believe that he could not be convicted of robbery since he took the money before using the box cutter. Petitioner is mistaken. Robbery occurs when property is taken from another person and "when *in the course of the taking* there is the use of force, violence, assault, or putting in fear." FLA. STAT. § 812.13(1). A charge of robbery may become a charge of aggravated robbery, and thereby punishable by life imprisonment, when "*in the course* of committing the robbery the offender carried a firearm or other deadly weapon." FLA. STAT. § 812.13(2) (emphasis added). Subsection (3) of the statute provides:

> (3)(a) An act shall be deemed "in the course of committing the robbery" if it
> occurs in an attempt to commit robbery or in flight after the attempt or
> commission.
>
> (b) An act shall be deemed "in the course of the taking" if it occurs
> either prior to, contemporaneous with, or subsequent to the taking of
> the property and if it and the act of taking constitute a continuous series
> of acts or events.

FLA. STAT. § 812.13(3). "[S]ection 812.13, Florida Statutes incorporates the modern view that a robbery can be proven by evidence of force used to elude the victim or to retain the victim's property once it has been taken." Messina v. State, 728 So.2d 818, 818 (Fla. 1st DCA 1999). Based on the language of section 812.13, Florida courts have held that the crime of robbery can

be proven by evidence that the defendant used force against the victim after the taking has been completed.  See, e.g., Lemus v. State, 641 So.2d 177 (Fla. 5th DCA 1994) (finding force used to resist a security guard was sufficient to support a conviction for robbery, even though the defendant used no force to take the items from the store); Santilli v. State, 570 So.2d 400 (Fla. 5th DCA 1990) (finding force used during the defendant's attempted flight from the scene of a shoplifting was sufficient to elevate the shoplifting to a robbery); Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989) (finding force used to shove a store clerk out of the way was sufficient to sustain a conviction for robbery).  The common feature of these cases is that in each there was no break in the chain of events between the taking and the use of force.  Id., at 819.  Similarly, there was no break in the chain of events in the present case.  Petitioner's use of the box cutter in an attempt to abscond with the stolen cash while he was still on the property of the owner was sufficient evidence of robbery with a deadly weapon under Florida law.

Petitioner alleges that the Walmart employee, rather than the Petitioner, first produced the box cutter.  The court does not find this allegation compelling.  There is no evidence that suggests the employee brandished the box cutter to prevent the Petitioner from escaping.  The salient fact is that Petitioner used a box cutter to aid his escape; this fact supports a robbery conviction.

Accordingly, there is insufficient evidence to indicate Petitioner suffered from ineffective assistance of counsel.  There was adequate proof to sustain the conviction. Counsel was not obligated to depose every available witness, nor was counsel obligated to conduct an exhaustive independent investigation.  Strickland v. Washington, 466 U.S. 668, 688 (1984) (finding the proper measure of attorney performance remains simply *reasonableness* under prevailing

professional norms) (emphasis added). Stickland provides counsel with wide latitude in determining what constitutes appropriate legal representation in a given case. Id. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). Thus, the state court's adjudication of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Therefore, Petitioner's third and final ground for objection is also invalid.

Finally, Petitioner has filed a motion requesting counsel be appointed to assist him with his claim. "A civil litigant . . . has no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983)). Rather, such appointment is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. The district court is given "broad discretion" in making this determination, and "should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (internal citations omitted). The main consideration is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). If "the facts and issues are simple," the pro se litigant will usually not require such assistance. Id. Even though

such litigant would "undoubtedly [be] helped by the assistance of a lawyer," it is within the district court's discretion to deny appointed counsel absent "unusual" or "exceptional" circumstances.  <u>Bass</u>, 170 F.3d at 1320.

In this case, Petitioner's claim is neither "unusual" nor are there "exceptional" circumstances that warrant the appointment of counsel.  Petitioner's main problem is not that he is unable by himself to present the merits of his case.  Rather, Petitioner's difficulty surrounds the fact that this Court lacks subject matter jurisdiction to entertain some of his claims, and that Petitioner failed to exhaust certain remedies at the state court level.  Therefore, Plaintiff's request for appointed counsel is denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendations is adopted and incorporated by reference in this order.

2. William H. Pray's petition for writ of habeas corpus, Doc. 1, is denied.

3. Petitioner's Motion to Appoint Counsel, Doc. 29, is denied.

**DONE AND ORDERED** this  _15th_ day of March, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge